IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FRANKIE L. McCOY,                   *
    Plaintiff,

                           * CIVIL NO. WDQ-01-1581
v.

                         *
PATRICK CONROY, *et al.*,
    Defendants.                     *
                         ******

MEMORANDUM

The Plaintiff, *pro se*, sued Patrick Conroy and Thomas R. Corcoran (the "Defendants")[1] for violating the Americans with Disabilities Act of 1990, as amended ("ADA"),[2] and the Rehabilitation Act.[3] ECF No. 1.  Pending is the Defendants' motion to dismiss, or in the alternative, for summary judgment. ECF No. 37.  No hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2014).  For the following reasons, the Defendants' motion, construed as a motion for summary judgment, will be granted in part and denied in part without prejudice.

---

[1] The Plaintiff also sued B. Allen, Charles H. Bradberry, D. Howard, and C. Alton.  However, those defendants have not been served.  *See, e.g.*, ECF No. 49.  All defendants were sued in their individual and official capacities.  *See docket*.

[2] 42 U.S.C. § 12-101 *et seq.*

[3] 29 U.S.C. § 701, *et seq.* (2008).

1

I.    Background

    A. Facts[4]

From November 30, 1998 to the date of the complaint, May 26,
2001, the Plaintiff, who at the time was incarcerated at the
Maryland House of Correction ("MHC"),[5] was unable to earn
diminution of confinement credits because of his various medical
conditions.[6]   ECF No. 1.   A March 3, 1998 letter written to the
Honorable Paul A. Hacker, Anne Arundel County Maryland District
Court Judge, from the Plaintiff's case manager indicates that the
Plaintiff's mandatory supervision release date is January 31,
2048, and that because of his medical concerns, "he is unable to
work and earn credit toward discharge."   ECF No. 50-1 at 28, 33.
Similarly, case management notes dated February 25, 2000 indicate
that the Plaintiff has been medically unable to work.   *Id.*

---

[4] The facts are from the complaint, the Defendants' motion and
exhibits, and the Plaintiff's supplemental memorandum and
exhibits.   ECF Nos. 1, 37, 50.   In reviewing a motion for summary
judgment, the nonmovant's evidence "is to be believed, and all
justifiable inferences are to be drawn in his favor."   *Anderson
v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

[5] Conroy and Corcoran are former MHC wardens.   Since the
Plaintiff filed his complaint, both Defendants have retired.   ECF
Nos. 1, 37 at 8.

[6] The Plaintiff's opposition provides a litany of complaints
arising from his incarceration, including claims of denial of
medical care, denial of access to rehabilitation resources
(including mental health care), retaliation, denial of access to
the courts, loss of property, and transfer among prisons.   ECF
No. 43.   These claims are not before the Court.   Here, the sole
issue is whether the Plaintiff was denied access to programming
because of his disability from November 30, 1998 to May 26, 2001.

Thereafter, the Plaintiff wrote to his case manager requesting access to a rehabilitation program or transfer to Patuxent Institution, which would enable him to earn diminution of confinement credits. *Id.* at 31.  In 2006, despite his medical problems, the Plaintiff was assigned a job as a dietary worker. *Id.* at 38.

In 2007, the MHC was closed.  ECF No. 37-2 ¶ 2.  Lorelei Sattler, the Litigation Coordinator at MHC from January 2005 to its closure, avers that she has no record in her possession pertaining to this case.  *Id.* ¶ 3.  She further avers that to locate records for 1998 to 2001 "would now be difficult if not impossible because MHC is no longer standing and some records were destroyed."  *Id.*

B. Procedural History

On May 31, 2001, the Plaintiff sued the Defendants under the ADA and Rehabilitation Act.  ECF No. 1.  On June 4, 2001, the suit was placed on the "inactive/unassigned" docket.  ECF No. 2. On October 6, 2004, the suit was reassigned to this Court; however, on October 13, 2004, the Court granted the Plaintiff's motion to stay the suit until he was medically able to proceed. ECF No. 8.  On October 23, 2013, the Court granted the Plaintiff's motion to reopen the case.  ECF No. 22.

On March 21, 2014, the Defendants moved to dismiss the complaint because of delay in prosecution and for failure to

3

state a claim.  ECF No. 37.  On May 13, 2014, the Plaintiff
opposed the motion.  ECF No. 43.

II.  Analysis

    A. Failure to Prosecute

    The Defendants seek dismissal of the complaint because of
inordinate delay; they are now retired, the MHC has been closed,
and evidence will be hard to obtain.  ECF No. 37 at 8-10.

    Federal Rule of Civil Procedure 41(b) provides that if a
plaintiff fails to prosecute, a defendant may move to dismiss the
action.  To assess whether a case should be dismissed for failure
to prosecute, courts consider: (1) the degree of personal
responsibility on the part of the plaintiff; (2) the amount of
prejudice to the defendant caused by the delay; (3) whether there
is a lengthy history of deliberately dilatory litigation; and (4)
the effectiveness of sanctions less drastic than dismissal.  *See*
*Doyle v. Murray*, 938 F.2d 33, 34 (4th Cir. 1991); *Hillig v.*
*Commissioner*, 916 F.2d 171, 174 (4th Cir. 1990).

    The Defendants correctly note that this case was initially
placed on the court's inactive/unassigned docket because of the
numerous cases filed by the Plaintiff.  ECF No. 37 at 8.
Thereafter, the suit was stayed until the Plaintiff was medically
able to proceed.  *See id.*; ECF No. 18.  Thus, the Plaintiff bore
little responsibility for the delay; given his serious medical
problems, he requested a stay of the proceedings, which was

4

granted.   ECF Nos. 6, 8.   Because the Defendants failed to oppose the stay, it is unseemly, at best, to now complain that the matter did not proceed.

Additionally, the Defendants offer no explanation for their failure to secure relevant evidence in 2001 or 2004 when the case was first filed or first placed on the active docket.   Moreover, when the case was reopened on October 6, 2014, counsel for the Defendants and the Litigation Coordinator at MHC received notice of the complaint and a copy of it.   ECF No. 5.   Because the Plaintiff has not proceeded in a deliberately dilatory fashion, and, as explained below, prejudice to the Defendants is limited, the Court will deny the Defendants' motion to dismiss for failure to prosecute.

B. Summary Judgment

1. Legal Standard

The Defendants' motion is captioned as a motion to dismiss under Rule 12(b)(6)[7] or, in the alternative, for summary judgment under Rule 56.[8]   A motion with this caption implicates the Court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure.   *See Kensington Vol. Fire Dept., Inc. v. Montgomery County*, 788 F. Supp. 2d 431, 436-37 (D. Md. 2011).

---

[7] Fed. R. Civ. P. 12(b)(6).

[8] Fed. R. Civ. P. 56.

Ordinarily, a court "is not to consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss." *Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007). However, under Rule 12(d), the Court, in its discretion, may consider matters outside the pleadings; if the Court does, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).[9] When the movant alternatively captions its motion as one for summary judgment, the parties are deemed to be on notice that conversion under Rule 12(d) may occur; the Court "does not have an obligation to notify parties of the obvious." *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998).

In accordance with *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), on March 21, 2014, the Plaintiff was informed of his right to file a response to the motion, the opportunity to

---

[9] A district judge has "complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it." 5 C Wright & Miller, Federal Practice and Procedure § 1366, at 159 (3d ed. 2004, 2011 Supp.). This discretion "should be exercised with great caution and attention to the parties' procedural rights." *Id.* at 149. In general, courts are guided by whether consideration of extraneous material "is likely to facilitate the disposition of the action," and "whether discovery prior to the utilization of the summary judgment procedure" is necessary. *Id.* at 165-67.

submit affidavits, declarations, and other documentary evidence,
and the possibility of the loss of his suit if he did not oppose
the motion.  *See* ECF No. 38.  As noted, on May 13, 2014, the
Plaintiff opposed the motion.  ECF No. 43.

The Court "shall grant summary judgment if the movant shows
that there is no genuine dispute as to any material fact and the
movant is entitled to judgment as a matter of law."  Fed. R. Civ.
P. 56(a);[10] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A
dispute about a material fact is genuine "if the evidence is such
that a reasonable jury could return a verdict for the nonmoving
party."  *Anderson*, 477 U.S. at 248.  However, the opposing party
must produce evidence upon which a reasonable fact finder could
rely.  *Celotex Corp.*, 477 U.S. at 322-23.  The mere existence of
a "scintilla" of evidence is insufficient to preclude summary
judgment.  *Anderson*, 477 U.S. at 252.

   2. The Merits

The Defendants assert they are entitled to summary judgment
because neither the ADA nor the Rehabilitation Act permit suits
against individuals, the Defendants are protected by qualified
immunity, and the record contains insufficient facts to support a

---

[10] Rule 56(a), which "carries forward the summary[]judgment
standard expressed in former subdivision (c)," changed "genuine
'issue' [to] genuine 'dispute,'" and restored the word "'shall' .
. . to express the direction to grant summary judgment."  Fed. R.
Civ. P. 56 advisory committee's note.

finding that the Plaintiff suffered wrongful discrimination.   ECF
No. 37.

The ADA does "not provide for causes of action against
defendants in their individual capacities." *Jones v. Sternheimer,*
387 F. App'x 366, 368 (4th Cir.2010) (*citing Baird ex rel. Baird
v. Rose,* 192 F.3d 462, 472 (4th Cir.1999)). Similarly, there is
no individual liability under the Rehabilitation Act. *See Young
v. Barthlow,* CIV.A. RWT-07-662, 2007 WL 5253983, at *2 (D. Md.
Nov. 7, 2007) *aff'd,* 267 F. App'x 250 (4th Cir. 2008)
("Individual liability is not contemplated under" the Rehab-
ilitation Act.); *see also Consol. Rail Corp. v. Darrone,* 465 U.S.
624, 636, 104 S.Ct. 1248, 1255 (1984) (noting that the
Rehabilitation Act "limits the ban on discrimination to the
specific program that receives federal funds").   Accordingly, to
the extent that the Plaintiff seeks to hold the Defendants liable
in their individual capacities, the Defendants are entitled to
summary judgment.[11]

To establish a prima facie case under Title II of the ADA,
the Plaintiff must show that: (1) he has a disability; (2) he was
either excluded from participation in or denied the benefits of

---

[11] The determination of whether the Defendants are entitled to
qualified immunity is more appropriately addressed after the
facts of the case have been developed and the determination
whether the Plaintiff has suffered a violation of his rights
under the ADA has been made.  Accordingly, dismissal of the
complaint based on qualified immunity is not proper at this time.

8

some public entity's services, programs, or activities for which he was otherwise qualified; and (3) the exclusion, denial of benefits, or discrimination was because of his disability. *See Constantine v. George Mason Univ.*, 411 F.3d 474, 498 (4th Cir. 2005); *Baird v. Rose*, 192 F.3d 462, 467 (4th Cir. 1999). States are obligated to make "reasonable modifications" to enable the disabled person to receive the services or participate in programs or activities. 42 U.S.C. § 12131 *et seq*. A reasonable modification does not require the public entity to employ any and all means to make services available to persons with disabilities. Rather, the public entity is obligated to make those modifications that do not "fundamentally alter the nature of the service or activity of the public entity or impose an undue burden." *Bircoll v. Miami-Dade County*, 480 F.3d 1072, 1082 (11th Cir. 2007).

Although certain records may no longer be available for the relevant period, other relevant records or information (some of which has been provided by the Plaintiff) are attainable.[12]  As the Defendants have failed to respond to the Plaintiff's

---

[12] Available evidence includes the general policies of the Division of Corrections MHC on prison job assignment and eligibility for programming that would earn diminution of confinement credits during the time at issue. The Plaintiff's base file and medical records would not have been "lost" in the closing of MHC. Additionally, it would seem that personnel within the DOC with institutional knowledge about programming and job assignments remain available to provide information about the Plaintiff's claims.

assertions, based on the record before it, the Court cannot make findings about the merits of the Plaintiff's claim against the Defendants in their official capacities.  Because there are material disputes of fact, the Defendants' motion for summary judgment on those claims will be denied without prejudice.  A separate Order stating the schedule in this case will follow.


Date:____3/9/15_____        _____
                                   William D. Quarles, Jr.
                                   United States District Judge